UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CALVIN B. JAMES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV421-167 |
| | ) | CR418-205 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

*Pro se* movant Calvin James was convicted of one count of possession of a firearm by a prohibited person in 2019. *See* doc. 67 at 1 (Judgment).[1]  He was sentenced to 120 months of imprisonment and a three-year term of supervised release. *Id.*  His conviction was affirmed. Doc. 104; *see also United States v. James*, 831 F. App'x 442 (11th Cir. 2020).  On June 2, 2021, James moved to vacate his conviction pursuant to 28 U.S.C. § 2255, asserting seven grounds. *See* doc. 124.  Before the court addresses James' pending Motions, the Court must review its

---

[1] The Court cites to the criminal docket in CR418-205 unless otherwise noted.

jurisdiction to do so, given James' appeal of a non-dispositive and collateral issue.

On November 1, 2021, James filed "Motion I," doc. 127, in the Court of Appeals for the Eleventh Circuit. *See* Doc. 127. The Clerk's Office for the Eleventh Circuit sent the motion to this Court for resolution because James failed to designate the judgment of this Court that he appealed. *See* doc. 131 at 1; *see also* Fed. R. App. P. 3(c)(1)(B). Because his Motion substantively disputed the validity of his sentence, this Court construed his "Motion I" as a motion for habeas relief under 28 U.S.C. § 2255. It thereby docketed James' "Motion I" in his ongoing cases as a Motion to Amend his previously filed Motion to Vacate. *See* doc. 131. James appealed that docketing Order. *See* doc. 135. That appeal has been reinstated, as reflected on the civil docket. *See* CV421-167, doc. 69.

"As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal." *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064–65 (11th Cir. 2001) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)); *Weaver v. Fla. Power & Light Co.,* 172 F.3d 771, 773 (11th Cir.1999). However, it may not divest the district court of

jurisdiction over collateral matters not affecting the questions presented on appeal. *See Id.* (citing *Weaver,* 172 F.3d at 773). Here, James' appeal of this Court's Order construing his "Motion I," doc. 127 — which contended that the government failed to prove the elements required to sustain a conviction under 18 U.S.C. §922(g) — as a motion to amend his pending § 2255 Motion does not divest this Court of its jurisdiction to resolve the present issues. Thus, the Court proceeds to dispose of his latest Motion to Recuse, doc. 188, as well as address his delinquency in filing a consolidated amendment.

As noted by this Court's prior Order, doc. 183, James filed numerous Motions to Amend and "notices" to amend. *See* docs. 162, 170, 175, 176, 177, 178, 179, 181. Respondent did not respond to several of his motions to amend, nor did it have time to do so given the limited period between James' filing them. *Compare* doc. 175 (dated "Aug. 2023," filed September 1, 2023), *with* doc. 176 (not legibly dated but received the same day). Also noted by this Court's prior Order, the Court is unable and unwilling to comb through James' filings to consolidate his requests and determine whether he seeks formal amendment to the grounds originally asserted to add claims. Doc. 183. Accordingly, the Court

ordered him to file "one single motion to Amend, captioned 'Motion to Amend § 2255 Motion,'" as well as a "proposed Amended § 2255 Motion," to be drafted on the standard § 2255 motion form, Form AO 243. *Id.* at 5. He was directed to list every ground that he sought to assert. *Id.*

James filed a "Notice to the Court" in response. In his notice, he states that he received a "letter implying that Judge Chris L. Ray <Magistrate> has set a deadline to file one consolidated motion to amend << see Doc. 183 at 4-5>>." Doc. 189. He further claims that he "was never forwarded or in receipt of any notice to consolidate [his] motions to amend or clarified judicial [sic] why such consolidation is required." *Id.* Though James appears to have become aware of the Court's Order via some document he describes as a "letter," based upon the above, it appears James considers this Court's Order a "letter" because he cited to the docket number. Alternatively, if he received some other correspondence regarding his case, it is not clear from whom James received the "letter." Assuming James refers to the Court's Order as a "letter," he is hereby notified that his compliance with this Court's directives is mandatory and that orders from the undersigned are not simply "letters" which he can disregard if he finds them insufficiently

4

justified.[2] Giving him the benefit of the doubt, however, the Court will assume that James received correspondence from an unknown source "implying" that he must file a consolidated motion to amend and amended motion, and that he has not received this Court's Order explaining the common law, statutory, and procedural justifications which mandate that he do so. To that end, the Clerk is **DIRECTED** to send James a copy of this Court's prior Order, doc. 183.

The deadline for James to file the consolidated amendment and request to amend passed on February 6, 2024. Therefore, he is **DIRECTED** to show cause as to his failure to do so previously by no later than March 22, 2024. Citing a mere disagreement with the Court's directive that he abide by the federal rules of civil procedure will not suffice to show cause. Moreover, he must comply with the prior Order by that time. Failure to **fully** comply with this Order may result in dismissal of James' case.

Next, James filed two Motions for Recusal, docs. 182 and 188. The first Motion, doc. 182, sought recusal of Honorable William T. Moore, Jr.

---

[2] James is known to this Court for his vexatious litigation tactics. *See, e.g., James v. United States District Court*, 2022 WL 17980488, at *1 (S.D. Ga. Nov. 17, 2022) (James "is well known to this Court and has filed numerous frivolous cases . . ."), *adopted* 2022 WL 17979757 (S.D. Ga. Dec. 28, 2022).

5

His Motion to recuse Judge Moore remains pending in the criminal case, but, because Judge Moore was not assigned to his parallel civil case, it was denied in that case. Doc. 184 at 2. His next Motion for recusal, doc. 188, seeks recusal of the undersigned, Magistrate Judge Christopher Ray. He claims that "GA has a one free bite rule to dismiss a judge from case upon request," but otherwise does not support his Motion. Doc. 188. Instead, he complains about delays in the Court's disposition on his § 2255 Motion. *See generally*, doc. 188. This Court does not recognize a "free bite rule," nor does it appear to exist in this context. Given that James' Motion is not supported, it is **DENIED**. *See Liteky v. United States*, 510 U.S. 540 (1994); *see also Daker v. United States*, 787 F. App'x 678, 680–81 (11th Cir. 2019) ("'A charge of partiality must be supported by some factual basis' and not simply 'be based on unsupported, irrational or highly tenuous speculation.'") (quoting *United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999) (internal quotations omitted)).

Accordingly, James' Motion for Recusal, is **DENIED**. Doc. 188. Furthermore, James is **DIRECTED** to: (1) show cause as to his failure to comply with the Court's prior Order; (2) file his renewed and consolidated Motion to Amend and (3) file his consolidated Amended

6

§ 2255 Motion, by no later than March 22, 2024. James' failure to comply within the time allowed will result in a recommendation of the dismissal of his case. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

**SO ORDERED,** this 7th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA