# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

CALVIN B. JAMES,          )
                                     )
          Movant,       )
                                     )
v.                          )        CV421-167
                                     )        CR418-205
UNITED STATES OF AMERICA, )
                                     )
          Respondent.   )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* movant Calvin James was convicted of one count of possession of a firearm by a prohibited person in 2019. *See* CR418-205, doc. 67 at 1 (Judgment).[1] He was sentenced to 120 months of imprisonment and a three-year term of supervised release. *Id.* His conviction was affirmed. *See* CR418-205, doc. 104; *see also United States v. James*, 831 F. App'x 442 (11th Cir. 2020). On June 2, 2021, James moved to vacate his conviction pursuant to 28 U.S.C. § 2255, asserting seven grounds. Doc. 1; *See also* CR418-205, doc. 124. He then filed a document entitled "James I," doc. 5, and an amended motion, doc. 4. He

---

[1] The Court cites to the civil docket in CV421cv167 unless otherwise noted (as here).

has since filed the docket with duplicative and sometimes frivolous piecemeal pleadings. *See generally*, docket.

## I. Background and Procedural History

After James filed numerous piecemeal pleadings purporting to be motions to amend, the Court ordered James to file "one single motion to Amend, captioned 'Motion to Amend § 2255 Motion," as well as a "proposed Amended § 2255 Motion," to be drafted on the standard § 2255 motion form, Form AO 243. Doc. 55 at 5. He was directed to list every ground that he sought to assert within one document. *Id.* James instead filed a document which insinuated that he did not recognize the undersigned's authority but interpreted orders as mere "implications." *See* doc. 65. When he failed to file his amended and consolidated motion, the Court ordered James to show cause as to his failure by no later than March 22, 2024. Doc. 70. In that Order, the Court warned him that failure to comply would result in dismissal of his case. *Id.* at 7.

James then filed a document captioned "Motion to Amend." Doc. 73. However, James did not comply with Court directive but instead complained that he "did not give Magistrate Ray consent to review" his motion. James next filed another Motion to Amend which states that

"[t]here was no federal investigation prior to [his] arrest to lead to [his] arrest and detention." Doc. 74.  He complains that his Fifth Amendment and Fourteenth Amendment rights have been violated, and that "as of today 2/6/24 no request to consolidate or relief has been forwarded to me. *Id.*  Finally, he requests relief in the form of "grant and attach motion to habeas num. CV421-167." *Id.*

## II.   Discussion

As a preliminary matter, the Court must review and address James' abusive litigation tactics.  James, a serial filer, has frequently sought release based upon his own misunderstanding of criminal procedure, and even though he has been informed of why his arguments fail, he continues to pursue them. *See e.g.*, *James v. Poff*, 2020 WL 6372694, at *1 (S.D. Ga. Sept. 18, 2020), *adopted*, 2020 WL 6372940 (S.D. Ga. Oct. 29, 2020) (dismissing James' § 1983 Complaint seeking release and citing 28 U.S.C. 1331); *see also James v. Eleventh Cir. Ct. of Appeals Bd. of Directors*, 2021 WL 11718240, at *2 (N.D. Ga. Jan. 22, 2021), *adopted*, 2021 WL 11718255 (N.D. Ga. Feb. 10, 2021) (noting that James' complaint alleged that the Eleventh Circuit "just simply denied [his] appeal for non-specified reasoning, neglecting law and abusing their

3

discretionary power," a wrong for which James sought $1.2 million in damages.); *James v. U.S. Dist. Ct. of Georgia Savannah Div.*, CV420-202-WTM-CLR (S.D. Ga. Aug. 25, 2020) (case dismissed for vexatious and repeated failure to comply, docs. 3 &4, but see Complaint, doc. 1, arguing "courts did not prove" James "knowingly possessed firearm, neither did they prove knowingly affected interstate or foreign commerce for poss. of firearm.").

James has filed at least 30 cases in this district, beginning shortly after his arrest in May 2018. Almost all his cases make the same fundamental arguments, and many of them are dismissed for James' failure to comply with simple court directives. *See, e.g.*, *James v. Christine*, *see* CV418-306-WTM-CLR, doc. 1 at 4, (S.D. Ga. November 21, 2018) (Complaint alleging illegal search and seizure, excessive force during arrest, and illegal detention due to his warrantless arrest; transferred and then dismissed for failure to comply with court order regarding collection of fees, docs. 5 &6 (S.D. Ga. April 24 and May 17, 2019).). James is warned that further sanctions may be initiated if he continues to file excessive frivolous lawsuits in this district. *See Hurt v. Zimmerman*, CV415-260, doc. 5 (S.D. Ga. Nov. 4, 2015) (subjecting

frivolous filer to stringent review process in order to safeguard judicial resources); *see also Daker v. Governor of Georgia*, 2022 WL 1102015 (11th Cir. Apr. 13, 2022) (imposing permanent filing injunction on abusive filer, enjoining him "from filing or attempting to file any new lawsuit or petition in [the] Court without first posting a $1,500.00 contempt bond in addition to paying the required filing fee.").

A. James' Present Failure to Comply with Court Order

In this case, James has blatantly disregarded the Court's Order, and his protestations regarding the undersigned's authority are meritless. Magistrate judges' authority is established by statute. *See* 28 U.S.C. § 636(b)(1). Moreover, the Rules Governing Section 2255 Cases expressly incorporate the Magistrate Judge's authority under Section 636. *See* Section 2255, Rule 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). The distribution of judicial responsibilities, subject to those statutory limitations, is not within James' purview to dispute. *See, e.g., Foster v. Gloucester Cnty. Bd. of Chosen Freeholders*, 465 F. Supp. 293, 296 (D.N.J. 1978) ("[T]he parties to a litigation have no power to interfere with a district judge's statutory authority to delegate various

responsibilities to Magistrates . . . ."); *Contreras v. Davis*, 2022 WL 1555363, at *2 (E.D. Cal. May 17, 2022) (same).  Additionally, the Clerk of Court's referral of matters to the Magistrate Judge merely carries out standing instructions from the district judges.  The statutory provisions governing review of magistrate judge decisions fully protects litigants' rights and no court has ever suggested that the operation of those provisions violates the Constitution or any other provision of law.  *See, e.g., Escudero v. Jordan*, 2019 WL 4463265, at * 2 (E.D. Tex. Sept. 18, 2019) ("Referrals to United States Magistrate Judges are authorized by 28 U.S.C. § 636 and are not unconstitutional[,]" and collecting cases).  Accordingly, James' assertions regarding the undersigned's review of his case are invalid.  Similarly, his objections regarding the necessity of following that order are meritless.

In any event, James' has failed to file a consolidated amended complaint or to show cause as to his prior failure to do so.  Thus, he has failed to comply with this Court's Orders, and therefore the Court may properly dismiss his Motion to Vacate on that basis alone.  Fed. R. Civ. P. 41(b); *Hawthorne v. United States*, 2022 WL 3099271, at *1-*2 (11th Cir. Aug. 4, 2022) (affirming dismissal of § 2255 motion, pursuant to Rule

41(b), for failing to comply with a court order); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). However, because the merits of his Motion to Vacate have been fully refuted by the Respondent, his Motion may be dismissed on substantive grounds as well.  His failure to file a consolidated amendment does, however, result in the Court disregarding and terminating his remaining and belatedly filed piecemeal attempts to amend, *see* docs. 35, 36, 41, 50, 51, 52, 73 & 74. Most of these "motions" are inappropriate because James has failed to acknowledge this Court's directive regarding consolidating his amendments.  Indeed, the last two were filed in flagrant disregard of court order.  Docs. 73 &74; *see also* doc. 70 ("Citing a mere disagreement with the Court's directive that he abide by the federal rules of civil procedure will not suffice to show cause.").

However, the "amendments" are also untimely and often do not seek to amend anything but rather restate his prior claims or complain about the duration of his case. *See, e.g.*, doc. 35 (re-arguing that sentence exceeded statutory maximum by sentencing him to three months

supervised release in addition to maximum prison sentence); [2] doc. 36 (repeating his prior argument regarding the legality of the search leading to the discovery of the gun); doc. 41 (repeating argument regarding elements of crime of conviction, disputing the addition of supervised release in addition to statutory maximum, and legality of search of property where gun was found); docs. 50 & 52 (appearing to make additional and untimely § 922 argument); doc. 51 (complaining about "2 and 1/2" year" delay on disposition.).   The Clerk is **DIRECTED** to **TERMINATE** these frivolous filings which do not substantively constitute "motions." Docs. 35, 36, 41, 50, 51, 52, 73 & 74. Consequently, the Respondent's Motions to Dismiss James' Motions to Amend are **DENIED** as **MOOT**.[3]  Docs. 33, 39 & 40.

B. <u>James' Operative Motion to Vacate and Amendments</u>

Moving to the only filings which the Court construes as operative, James originally asserted eight grounds for relief: (1) "courts did not prove knowingly poss. firearm, neither did they inform all elements to

---

[2] To the extent this argument is not captured by James' second amended motion, doc. 4, it is procedurally defaulted and untimely.

[3] While styled as dispositive "Motions to Dismiss," these motions fall under the Magistrate Judge's purview as they merely seek denial of James' unending pursuit of amendment.  28 U.S.C. § 636 (b)(1)(A).

sustain and convict § 922([g]);"[4] (2) "courts did not provide warrant for arrest or seizure of contraband found after an illegal search of private property;" (3) "courts didn't determine probable cause for arrest" . . . "or siezure [sic] of contraband;" (4) "courts didn't provide jurisdictional statement for arrest at time of arrest or throughout prosecution . . . when transferred to custody of U.S. Marshal;" (5) "courts didn't offer plea;" (6) "officers entered private property without consent or legal authorization which is defined as burgulary [sic];" (7) "Officers marshals did not have nor issue warrant to restrain of liberty for felony charges or continued confinement;" (8) "District Court did not inform of right to select grand jury." Doc. 1 at 4-12. James then filed "James I motion," *see* doc. 5, wherein he appears to have repeated Ground One of his original § 2255 motion or perhaps asserted a separate *Rehaif* claim. *See Rehaif v. United States*, 588 U.S. ---, 139 S. Ct. 2191 (2019). James also amended to include an argument which appears to dispute the duration of his sentence, arguing that "Federal law has to run concurrent with state law" and that his sentence which included three years' supervised release and

---

[4] The Court considers this assertion the basis of James' *Rehaif* claim even though he argues it in many other filings.

a ten-year sentence is a violation of his Eighth Amendment rights. *See* doc. 4.[5]

The Respondent's Motion to Dismiss James' 28 U.S.C. § 2255 Motion includes arguments regarding the grounds asserted in James' first Motion to Vacate as well as claims raised by James in his ancillary motions. *See* doc. 20 (disputing docs. 14,[6] 16 & 18); *but see* doc. 55 (directing the clerk to terminate docs. 16, 18 and to deny doc. 14). Respondent first argues that most of James' claims should be dismissed because they were raised and rejected on direct appeal, and second, Respondent argues that James procedurally defaulted all his grounds for relief. Doc. 20 at 4-11. As to other filings, Respondent also argues that James amended motion, doc. 5, second amendment, doc. 4, as well as his various other motions, *see* docs. 14, 16 & 18, are vague and allege procedurally defaulted claims, or that they are otherwise not cognizable and therefore frivolous. *See* doc. 20 at 11-17. As noted, due to James'

---

[5] These filings are nonconsecutive because James filed his "James I," doc. 5, in the Court of Appeals, who sent the motion to this Court. Upon its arrival, the Court construed it as an amendment to his original Motion to Vacate based upon the substantive allegations. Doc. 6. It was then docketed in the civil matter by the Clerk as doc. 5. James' appeal of the Court's decision to do so was recently dismissed for want of prosecution. *See* doc. 76.

[6] *See* CR418-205, doc. 147.

vexatiousness and duplicative filings, many of the motions for which Respondent seeks dismissal have been terminated or denied by the Court already. *See* doc. 55 (terminating docs. 16, 18 and denying doc. 14). Those "ancillary" motions merely repeat the arguments from these two filings, or they do not seek judicial relief available, and if they do, they are generally too vague to parse except to say that James' clearly believes his conviction should be overturned and that he is unsatisfied with the delay in the Court's doing so. *See generally*, docket. Thus, the Court will address the claims which are discernable from his original Motion to Vacate, doc. 1, and his first amendment, doc. 5, where James arguably argued a *Rehaif* violation applies to his case, as well as his second amendment, doc. 4, despite Respondent's more holistic attack. *See, e.g., Alarcon v. United States*, 2023 WL 4542687, at *1 (11th Cir. July 14, 2023) ("A habeas petitioner must present a claim in clear and simply language such that the district court may not misunderstand it." (internal quotation marks and citation omitted)). James' claims, as asserted in these three filings, are either procedurally barred or procedurally defaulted. *See Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) ("A procedural bar prevents a defendant from

raising arguments in a § 2255 proceeding that he raised and [were] rejected on direct appeal" and "a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion.")

### i. *Procedurally Barred Claims*

In his original motion, James specifically admitted that all grounds asserted in his § 2255 Motion, doc. 1, were argued on appeal. *See* doc. 1 at 4, 5, 7, 8, 9, 10, 11, 12 (checkmarks and written statements indicating that James raised each ground on appeal). Indeed, in his direct appeal, James raised "four main issues," which, as summarized by the Eleventh Circuit were:

> [f]irst, he argues that state and federal officers violated his Fourth Amendment right to be free from unreasonable searches and seizures. Second, he argues that the government violated his Fifth Amendment due process and double jeopardy rights. Third, he argues that the magistrate judge violated his Sixth Amendment right to counsel. Fourth, he argues that the evidence against him was insufficient. And James raises three miscellaneous issues, arguing that the government: a) did not follow its oath to uphold the Constitution; b) failed to offer him a negotiated plea deal; and c) improperly altered his judgment and docket sheet.

*James*, 831 F. App'x at 446. His Fourth Amendment argument on appeal asserted illegal seizure, illegal search of (someone else's) private

property, and that "the marshals, with no finding of probable cause, took James into custody without showing him an arrest warrant at the time of the arrest." *Id.* The Eleventh Circuit quickly dispelled and dismissed James' Fourth Amendment arguments. *Id.* at 446-47. The Fifth Amendment arguments involved, *inter alia*, the grand jury proceedings, and James argued he was unlawfully charged with the same crime in federal court as he was in state court. *Id.* at 447. Again, James' arguments were rejected. *Id.* at 447-48. The Eleventh Circuit also rejected James' arguments regarding sufficiency of the evidence, failure of parties to uphold their oath of office, the lack of a negotiated plea deal, and the alleged alterations of the docket sheet. *Id.* at 449-50.

James' present arguments clearly and obviously repackage and reassert the same claims and thus are procedurally barred. Specifically, he presently asserts the same Fourth Amendment argument within Grounds 2, 3, 4, 6, and 7. Doc. 1. He reasserts his failed Fifth Amendment arguments in Ground 8, and his "miscellaneous" direct appeal arguments are reasserted in Ground 1, which argues that the "courts" lacked sufficient evidence against him. Ground 5, which complains about the lack of a plea deal was also already litigated. *See*

*generally*, doc. 1 at 9; *James*, 831 F. App'x at 446, 450. It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence that he already raised and that were rejected in his direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (internal quotation marks, alterations, and citation omitted)); *see also, United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal."); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994) ("[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding."). Because each of James' claims were previously asserted and rejected on direct appeal, he is barred from bringing them on a § 2255.

## ii. *Procedurally Defaulted Claims*

Respondent argues further that, to the extent James asserts new arguments based on *Rehaif*, they are procedurally defaulted. Respondent also valiantly attempts to respond to the nearly indecipherable

14

allegations contained in James' second amendment, which appear to allege that the federal sentence he received was unlawful because it is broader than what James might have received under state law. *See* doc. 4. Respondent argues that these claims are also procedurally defaulted.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted). There are two exceptions that excuse a procedural default. *See United States v. Frady,* 456 U.S. 152 (1982). Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. *Id.* at 167; *see also Bousley v. United States,* 523 U.S. 614, 622 (1998). Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055-56 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)) (internal quotation marks omitted). The Supreme Court has "caution[ed] . . . that tenable

actual-innocence gateway pleas are rare . . . ." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

First, any *Rehaif* claim fails. *Rehaif* requires that the government prove a defendant knew both that he possessed a firearm and that he belonged to the relevant category of people barred from firearm possession, and if James has alleged that *Rehaif* applies, it is relevant to his preexisting sufficiency of the evidence argument. *See Rehaif*, 139 S. Ct. at 2200. To the extent he simply reasserts the same argument, his claim is procedurally barred, as discussed above. However, to the extent James seeks to assert a *Rehaif* claim distinct from his previously asserted sufficiency of the evidence claim, it fails because it is procedurally defaulted, and he has made no argument to excuse the default. Regarding cause, the Respondent argues that "James had every opportunity to raise the grounds he now complains about on direct appeal (and, in fact, did)." Doc. 20 at 8. Indeed, *Rehaif* was issued on June 21, 2019, and though James filed his notice of appeal before that, on April 23, 2019, he filed his brief on May 5, 2020—well after *Rehaif* came down. *See United States v. James*, No. 19-11549, docs. 1 & 40 (11th Cir. Apr. 23, 2019 and May 5, 2020). That brief includes no argument explicitly

16

relevant to *Rehaif*. *See generally* No. 19-11549, doc. 40. Thus, James cannot establish cause to excuse the procedural default because he could have brought this claim on direct appeal. *United States v. Bane*, 948 F.3d 1290, 1296-97 (11th Cir. 2020) ("The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available . . . ."); *Scriven v. United States*, 2021 WL 3614404, at *6-*7 (S.D. Ga. July 20, 2021) (where "the building blocks for the claim were available," and "Petitioner points to nothing that prevented him from raising what may have seemed at the time to be a losing argument," no cause).

Similarly, assuming James' direct appeal argument regarding sufficiency of the evidence, now asserted as the "[g]overnment did not prove the exact elements of possession" *see* doc. 5 at 2, encapsulates a *Rehaif* claim, James fails to show prejudice as well. He does not argue that he did not know he was a felon, and indeed, James stipulated that he had been previously convicted of a felony before trial. *See* CR418-205, doc. 55. Moreover, though he argues that the government and/or the "Courts" did not prove all elements of the crime, he never asserts that he did not knowingly possess the firearm. *See* doc. 1 at 4 ("courts did not

prove knowingly poss. Firearm, neither did govt.").  Therefore, James does not allege prejudice to overcome the default of the *Rehaif* claim or actual innocence.  *United States v. Gilcrest*, 792 F. App'x 734, 739 (11th Cir. 2019) (holding that *Rehaif* did not impact substantial rights of defendant who stipulated to being a felon at time of offense); *Brown v. United States*, 2021 WL 2546466, at *9 (M.D. Ga. Apr. 5, 2021), *adopted*, 2021 WL 2544407 (M.D. Ga. June 21, 2021) (collecting cases and noting that courts "consistently held that a petitioner who did not raise a *Rehaif* claim on direct appeal fails to show prejudice to excuse procedural default where petitioner acknowledged his prior felony convictions.").

James makes a feeble argument that the alleged *Rehaif* error constitutes a "structural" error, negating the need for a thorough review for actual prejudice.  Doc. 5 at 2.  "Structural errors are a very limited class of errors that affect the framework within which the trial proceeds such that it is often difficult to assess the effect of the error[.]" *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal quotations, alterations, and citations omitted).  A structural error results in a fundamentally flawed record, so "any inquiry into its effect on the outcome of the case would be purely speculative." *Satterwhite v. Texas*,

486 U.S. 249, 256 (1988).  "The existence of such defects . . . requires automatic reversal of the conviction because they infect the entire trial process." *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993) (citations omitted).  However, the Eleventh Circuit has declined to characterize *Rehaif* errors as structural errors. *United States v. Haynes*, 798 F. App'x 560, 564-65 (11th Cir. 2020) (per curiam) ("[Petitioner] asserts that plain-error review does not apply to his claim because . . . the error is structural . . . . [T]hese assertions are wrong.") (citations omitted); *United States v. Price*, 828 F. App'x 573, 577 (11th Cir. 2020) (per curiam) ("Despite [petitioner's] claim that *Rehaif* error is structural, we have consistently reviewed *Rehaif* arguments raised for the first time on appeal for plain error.").  Given that James appears to have failed to assert any *Rehaif*-based claim on direct appeal, his present failure to even allege cause and prejudice, actual innocence, or to overcome his burden to show that a *Rehaif* claim would constitute a structural error, means his claim is procedurally defaulted.

Second, James' second amendment alleges that "federal law has to run concurrent with state law under the 'Elements' Clause," which as James argues, means that the "elements of a federal offense cannot be

mismatched or broader than the state offenses under state law." Doc. 4.

Because James received a ten-year sentence with three years' supervised

release, he argues that his sentence is unlawful under this theory.

Respondent deduces that James' argument is based upon a

misunderstanding of language relevant to arguments made under the

Armed Career Criminal Act, 18 U.S.C. § 924(e), which is inapplicable to

James' sentence.  No matter the basis of his vague and conclusory theory,

James is misguided.  *See Gamble v. United States*, 587 U.S. 678, 687-688

(2019) (citing *United States v. Lanza*, 260 U.S. 377, 382 (1922) ("[A]n act

denounced as a crime by both national and state sovereignties is an

offense against the peace and dignity of both and may be punished by

each.")) (declining to alter long-standing double jeopardy interpretation

of the Due Process Clause of the Fifth Amendment which considers a

crime under state law to be distinct from a crime under the law of the

federal government, even if offenses are similar).  To the extent the

argument was captured by James' direct appeal claims regarding double

jeopardy, they are procedurally barred.  Otherwise, they are procedurally

defaulted and, given the argument is meritless, James cannot show

prejudice to excuse the default.

iii.   *Ancillary Motions*

As noted above, the remainder of Respondent's brief makes arguments regarding docs. 14, 16, and 18.  These filings have already been considered and the Court already disposed of them.  However, out of an abundance of caution, the Court reviews the substantive arguments made in each filing prior to final disposition as well as its prior disposition regarding them.  First, in James' February 25, 2022 filing, doc. 14, James contends that because § 2255 "has no mandated order for respondent to respond . . . [or an] allotted time frame for . . . [the] motion to be scheduled for a hearing," which "leaves room for a miscarriage of justice and prejudiced use of discretionary power . . .," the statue violates the Eighth and Fourteenth Amendments.  *Id.*  As the Court already noted, the section James relies upon to make this argument, "Section 2403," is a procedural provision allowing the United States to intervene in actions where it is not a party to defend the constitutionality of federal statutes. *See* 28 U.S.C. § 2403.  It does not contemplate or allow the maneuver James attempts here.  This Motion was previously denied and so it will remain.  *See* doc. 55.

James' March 29, 2022 filing, doc. 16, makes a sufficiency of the

evidence argument relevant to the government's trial burden. This argument was terminated because it appears redundant of James' previous arguments which are procedurally barred, as explained above. However, to the extent he attempted to make an argument separate from his direct appeal argument that the government failed to prove that he knew the firearm crossed state lines or that he knew of its place of manufacture, and therefore, he was wrongfully convicted, his argument fails because it is procedurally defaulted. He is unable to show prejudice or actual innocence here because Section 922(g)(1) "does not require that the defendant knew the origin of the firearm or that it traveled in interstate commerce." *United States v. Simplice*, 687 F. App'x 850, 852 (11th Cir. 2017).

James' April 5, 2022 filing, doc. 18, which was also terminated previously due to its redundancy, mentions frustration at the mandatory special assessment. Even if this filing was compliant with federal rules for amendment and therefore procedurally effective, James procedurally defaulted the argument, and he cannot now show prejudice to excuse that default. The assessment of the fee is constitutional. *See United States v. Lane*, 931 F.2d 40, 41 (11th Cir. 1991) (citing *United States v. Munoz-*

*Flores*, 495 U.S. 385 (1990)); *see also United States v. Cooper*, 870 F.2d 586 (11th Cir. 1989) (affirming trial court's imposition of assessment fee despite defendant's indigency).

Finally, James has filed a Motion to Compel which complains about the duration of this case and the pendency of disposition on his motion. *See* doc. 58 ("Courts have failed to mention any reason for extensive delay."). He requests a "relief hearing" or date. *Id.* His request is **DENIED**, doc. 58, because his Motion to Vacate is also denied for the reasons addressed herein. *See Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir.1991) ("A petitioner is *not* entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics . . . ." (internal quotations and citations omitted)).

## III. CONCLUSION

Because James has repeatedly failed to comply with Court order, his Motion to Vacate, doc. 1, and his two amendments, docs. 4, 5, should be **DISMISSED** under Fed. R. Civ. P. 41(b). Alternatively, Respondent's Motion to Dismiss James' 28 U.S.C. § 2255 Motion should be **GRANTED** because James' claims are either procedurally barred or procedurally defaulted. Doc. 20. The Clerk is **DIRECTED** to **TERMINATE** docs. 35,

36, 41, 50, 51, 52, 73, and 74.  Respondent's Motions to Dismiss James' Motions to Amend are **DENIED** as **MOOT**, docs. 33, 39 & 40.  James' Motion to Compel is **DENIED**, doc. 58.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this 2nd day of April, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA