UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| CALVIN B. JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV421-167 |
| | ) | CR418-205 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. 79),[1] to which no objections have been filed.[2] Accordingly, the R&R is ADOPTED, in part.

As explained in the Court's R&R, James was ordered to file "one single motion to Amend, captioned 'Motion to Amend § 2255 Motion,'" as well as a "proposed Amended § 2255 Motion," to be drafted on the standard § 2255 motion form, Form AO 243. (Doc. 55, p. 5.) James then filed several documents which were not in compliance with that directive, and he repeatedly insinuated or outright denied the Court's authority to direct him to comply. (<u>See</u> docs. 65, 73.) When he failed to file his amended and consolidated motion, the Court ordered James to show cause as to his failure by no later than March 22, 2024. (Doc. 70.) In that Order, the Court warned him that failure to comply would result in dismissal of his case. (<u>Id.</u>, p. 7.) James then filed another Motion to Amend

---

[1] The Court cites to the civil docket in CV421-167 unless otherwise noted.

[2] Though James has not filed an Objection to the Magistrate Judge's R&R, he has filed an Amended Motion to Vacate which appears to contest the Magistrate Judge's finding that James' asserts no ground for which relief may be granted.

which states that "[t]here was no federal investigation prior to [his] arrest to lead to [his] arrest and detention." (Doc. 74.) He complained that his Fifth Amendment and Fourteenth Amendment rights were violated. (Id.) Even though he had previously acknowledged the Magistrate Judge's directives contained within that order to consolidate (doc. 55), he claimed that "as of today 2/6/24 no request to consolidate or relief has been forwarded to me." (Doc. 74; see also doc. 65 (acknowledging that the Magistrate Judge ordered James to file consolidated motion but denying his authority to do so).)

James eventually filed a consolidated Amended Motion to Vacate, (doc. 80), but he failed to file an accompanying motion to amend, and he has failed to show cause for his failures. The Magistrate Judge noted that James' Motion may be dismissed due to his failure to comply with Court order or on the merits. (Doc. 79, p. 6.) However, upon reviewing James' consolidated Amended Motion to Vacate, (doc. 80), as well as the Respondent's Response to that Motion, (doc. 81), the Court denies relief to James on the merits.

In his R&R, the Magistrate Judge reviewed the operative grounds for relief which were alleged in James' original Motion to Vacate and his two operative amendments, (docs. nos. 4, 5). James' original Motion to Vacate included the following grounds for relief: (1) "courts did not prove knowingly poss. firearm, neither did they inform all elements to sustain and convict § 922([g]); (2) "courts did not provide warrant for arrest or seizure of contraband found after an illegal search of private property;" (3) "courts didn't determine probable cause for arrest" . . . "or siezure [sic] of contraband;" (4) "courts didn't provide jurisdictional statement for arrest at time of arrest or throughout prosecution . . . when transferred to custody of U.S. Marshal;" (5) "courts didn't offer

2

plea;" (6) "officers entered private property without consent or legal authorization which is defined as burgulary [sic];" (7) "Officers marshals did not have nor issue warrant to restrain of liberty for felony charges or continued confinement;" (8) "District Court did not inform of right to select grand jury." (Doc. 1, pp. 4-12.) His next several pleadings asserted a Rehaif claim, (doc. 5), and a claim regarding the duration of his sentence, (doc. 4). See Rehaif v. United States, 588 U.S. ---, 139 S. Ct. 2191 (2019). The Magistrate Judge considered and addressed each of these claims in his R&R, and though they are repeated in James' consolidated motion, (see doc. 80, pp. 6-11 (alleging those same claims in Grounds 2-7)), they continue to be meritless for the reasons reported by the Magistrate Judge: they are procedurally defaulted or procedurally barred.

James' Amended Motion to Vacate asserts the following new additional grounds: (1) "right to speedy trial;" and (2) ineffective assistance of counsel as to Counsel C. Bonnell, who allegedly "applied malicious tactics refuting [sic] to file [James'] Motion to Suppress and refusing to visit [James] to discuss defense tactics before trial" pursuant to Court order. (Doc. 80, pp. 5, 12.) The Government's Response to that filing argued that any new claims fail because they are procedurally barred, procedurally defaulted, or do not relate back and are thus untimely. (See generally, doc. 81.) The Respondent also argued that James' ineffective assistance claim is "impermissibly conclusory." (Id., pp. 1-2.)

Indeed, James' assertions are conclusory and vague. The Court has construed his pleading favorably, and assumes, based upon his pretrial and posttrial attestations, that James believes that Bonnell should have filed a pretrial Motion to Suppress the contraband found on private property or to exclude his prior convictions, or that he failed to controvert evidence leading to his conviction. (See generally, CR418-205, doc. 85

3

(hearing transcript discussing James' disagreement with his two attorneys regarding necessity of filing pretrial motion to suppress and alleged lack of visitation, though he admitted Bonnell visited several times, see e.g., p. 7).) A review of the criminal docket indicates that Attorney Bonnell entered the case on December 3, 2018, after James fired his first attorney, and that Bonnell served as James' "standby" trial and appellate counsel after he was cast aside for the same reasons for which James fired his first attorney. (See CR418-205 docs. 23, 27; see also CR418-205, docs. 85, 86, p. 9.) James' trial was held on January 31, 2019. (See CR418-205, doc. 60.) According to the Scheduling Order, this was well after the motions' deadline had passed on October 22, 2018. (CR418-205, doc. 13.) Moreover, James likely would not have been able to show good cause for moving that deadline to submit a Motion to Suppress.

Furthermore, even if he had shown good cause and filed the Motion to Suppress, it would have been denied. Assuming such a motion would have sought suppression of the contraband which resulted in James' conviction based upon those contentions which James has repeatedly asserted since his conviction regarding, *inter alia*, the allegedly unlawful search of private property, that Motion would have failed because, as was found by the Eleventh Circuit, there was no Fourth Amendment violation. United States v. James, 831 F. App'x 442, 446-448 (11th Cir. 2020). Therefore, to the extent the Court can construe his conclusory arguments favorably, it finds them meritless. Because the arguments which James believes would have substantiated a Motion to Suppress fail, he cannot show ineffective assistance for his counsel's failure to assert that motion. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel cannot be ineffective for

failing to raise a meritless issue); United States v. Winfield, 960 F.2d 970, 974 (11th Cir.1992) (same).

On the other hand, if James intended to assert some other facts as the basis of his ineffective assistance claim, he has failed to plead that claim in compliance with the Rules Governing Section 2255 cases. See Rule 2, Rules Governing Section 2255 Proceedings in the United States District Courts (requiring that §2255 motions specify grounds and state facts supporting each ground). For any other claim of ineffectiveness at trial, the Court notes that James pursued his trial defense pro se, after he repeatedly sought to dismiss his counsel. (See, e.g., CR418-205, doc. 41.) Accordingly, this ground for relief is meritless both because it is impermissibly conclusory and because it fails on any merits which the court can infer based upon his unsupported pleading. (See doc. 80, p. 12); see also, e.g., Faretta v. California, 422 U.S. 806, 834 n. 46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

To the extent it is properly pled, James' newly asserted speedy trial claim is procedurally barred. He explains that the reason he did not bring this ground previously was because "issue wasn't prevalant [sic] to litigant to appeal." (Doc. 80, p. 6.) The Court infers that James did not believe this issue was relevant on his direct appeal, but that does not serve as cause to excuse any procedural default. Scriven v. United States, 2021 WL 3614404, at *6-*7 (S.D. Ga. July 20, 2021), adopted 2021 WL 3610463 (S.D. Ga. Aug. 13, 2021) (where "the building blocks for the claim were available," and "Petitioner points to nothing that prevented him from raising what may have seemed at the time to be a losing

argument," no cause). Because he has not shown cause or prejudice to excuse the procedural default, Ground 8 fails.

In summary, the Court concurs with the Magistrate Judge regarding James' grounds for relief previously asserted and repeated in James' Amended Motion, (doc. 80), in Grounds 2, 3, 4, 5, 6, and 7. It therefore ADOPTS, in part the Magistrate Judge's R&R. The Court additionally finds that James' newly asserted Grounds 1 and 8 are meritless and procedurally defaulted, respectively. His Motion to Vacate is DENIED, (doc. 80; see also CR418-205, doc. 197.) The clerk is DIRECTED to CLOSE the civil case, CV421-167.

The Court also denies leave to appeal in forma pauperis. Though James has, of course, not yet filed a notice of appeal of this Order, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). Based on the above

6

analysis of James' failure to follow this Court's directives and his repeated assertion of the same meritless claims, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court DENIES Petitioner in forma pauperis status on appeal.

ORDER ENTERED at Augusta, Georgia, this 23rd day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA